**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | |
| vs. | | Case No. 1:22-cr-00050 |
| Sedrick James Walker, and | | |
| Corbin Jeffrey Martin, | | |
| | Defendants. | |

## ORDER DENYING MOTION TO SEVER AND DENYING MOTION TO CONTINUE

### INTRODUCTION

[¶1]    THIS MATTER comes before the Court on two Motions filed by Defendant Sedrick Walker ("Defendant Walker"). First, Defendant Walker filed a Motion to Sever Defendant's Trial on July 10, 2023. Doc. No. 160. The United States filed a Response on July 10, 2023. Doc. No. 164. Second, the Defendant filed a Motion to Continue Trial Dates on July 10, 2023 (Doc. No. 162), and the United States responded the same day (Doc. No. 165). For the reasons set forth below, Defendant Walker's Motions to Sever and to Continue are **DENIED**.

### DISCUSSION

**I.   Severance**

[¶2]    Defendant Walker asks the Court to sever his case for trial. The Defendant essentially argues severance is necessary because there are cooperating witnesses who might still have a right to remain silent because they have not pled guilty. The United States argues the right to remain silent is the witness's right, not the Defendant's right. Furthermore, the cooperating witnesses have

entered into plea agreements which may be fully explored by Defense Counsel on cross examination. The Court agrees with the United States.

[¶3]    Rule 8(a) of the Federal Rules of Criminal Procedure states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both-- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

"Rule 8(a) is broadly construed in favor of joinder to promote judicial efficiency." United States v. Colhoff, 833 F.3d 980, 983 (8th Cir. 2016).

[¶4]    Rule 14(a) of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  A motion to sever will only be granted "upon a showing of real prejudice to an individual defendant," United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011), or if continued joinder would "prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993).

[¶5]    The Court begins by noting that currently, there are only two co-Defendants remaining for trial in this matter. The United States represents it anticipates Defendant Corbin Martin will be entering a plea agreement by the close of business today, leaving only Defendant Walker for trial. In addition, a witness's right to remain silent is the witness's right, not Defendant Walker's to assert in the pretrial stage. If a witness chooses to remain silent during his testimony the Court may strike the testimony in whole or part, United States v. Brierly, 501 F.2d 1024, 1027 (8th Cir. 1974), or it may not strike the testimony when the alleged accomplice was cross-examined in detail, United States v. Jackson, 915 F.2d 359, 360 (8th Cir. 1990).  Under either option, severing a

defendant is not required because the cooperating witness who may choose to remain silent despite a potential plea agreement is not a party to the trial.[1]

[¶6]    Accordingly, Defendant Walker has failed to show he will suffer prejudice or that a jury could not be abler to make a reliable judgment about his guilt or innocence at trial. Accordingly, the Defendant's Motion to Sever is **DENIED**.

### II. Continuance

[¶7]    The only ground asserted by Defendant Walker to continue trial is for the Parties to have the opportunity to respond to his Motion to Sever. Doc. No. 162, p. 1. The United States argues it has responded to the Motion to Sever, which has no basis. It also argues the Court may rule on the motion without further responses, in particular those co-defendants who will not be party defendants in the case. The Court agrees no further response to the Motion to Sever is required. The matter is simple: only Defendant Walker will likely be going to trial on July 18, 2023. It is anticipated Defendant Martin will be entering a plea agreement today. Further responses are not required, and the Court has already denied Defendant Walker's Motion to Sever.

[¶8]    Accordingly, the Defendant's Motion to Continue Trial is **DENIED**.

---

[1] Furthermore, at this time, it does not appear there will be an issue relating to any testimony by Defendant Martin because Defendant Walker has informed the Court the United States indicated its intent to call co-Defendants Orlando Glover and Jenna Silk. Doc. No. 161, pp. 2-3. It does not appear at this time co-Defendant Martin is on the United States witness list for trial while Co-Defendant Martin remains on the trial calendar.

## **CONCLUSION**

[¶9]    For the reasons set forth above, Defendant Walker's Motion to Sever and Motion to Continue are **DENIED**. Trial shall commence as scheduled on July 18, 2023.

[¶10]    **IT IS SO ORDERED.**

DATED July 11, 2023.

Daniel M. Traynor, District Judge
United States District Court